**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-CV-1859

PETER MCALLISTER,

Plaintiff,

v.

MISTRAS GROUP, INC. and JOSE PILA,

Defendants.

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff, Peter McAllister, by and through his attorneys, **JORDAN LAW**, for his Complaint and Jury Demand, states and alleges as follows:

**PARTIES AND JURISDICTION**

1. At all times relevant herein, Plaintiff Peter McAllister (hereinafter "Plaintiff") was, and is, a citizen of the State of Colorado, residing at 10209 Highway 135, Almont, CO 81210.

2. Upon information and belief, at all times relevant herein, Defendant Mistras Group, Inc. (hereinafter "Mistras") was, and is, a Delaware corporation, authorized to do business in the State of Colorado, with its principal place of business and corporate headquarters located at 195 Clarksville Road, Princeton Junction, NJ, 08550; Mistras' registered agent is Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, CO 80120.

3.    Upon information and belief, at all times relevant herein, Defendant Jose Pila (hereinafter "Pila") was, and is, a citizen of the State of Utah, residing at 4748 Englishman Way, Apt. 22, Kearns, UT, 84118.

4.    Pursuant to 28 U.S.C.A. § 1332, jurisdiction in a civil action is proper where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states; Plaintiff, a Colorado citizen, herein alleges damages against Defendants Mistras and Pila, citizens of New Jersey and Utah, respectively, arising out of a motor vehicle collision causing serious bodily injury, including but not limited to severe 2nd and 3rd degree burns to over 50% of his body, requiring extensive and ongoing medical care, resulting in losses well in excess of $75,000, exclusive of interests and costs, and therefore, jurisdiction is proper.

5.    Pursuant to 28 U.S.C.A. §1391, venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; here, Plaintiff's claims arising out of Defendants' negligence stem from a motor vehicle collision occurring in the City of Almont, County of Gunnison, State of Colorado, and therefore, venue is proper.

## GENERAL ALLEGATIONS

6.    Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint and Jury Demand* and incorporates the same herein by reference as though set forth in full.

7.    At all times material hereto, Defendant Pila was an employee, contractor, servant, or agent under the control and supervision of Defendant Mistras, acting within the scope and course of his employment, performing services for Defendant Mistras for

the benefit of Defendant Mistras, specifically as a natural gas line inspector, and was the driver/operator of a 2015 Ford Transit Connect van owned by Defendant Mistras when the incident occurred as alleged below. Pursuant to the doctrine of *Respondeat Superior*, Defendant Mistras is legally and vicariously liable as Defendant Pila's employer for any injuries, damages, losses, costs, and other expenses sustained by Plaintiff as a result of Defendant Pila's negligence.

8. This action arises out of a single-vehicle motor collision occurring on June 22nd, 2018, at or about 12:20 p.m., in the City of Almont, County of Gunnison, State of Colorado, when an improperly stopped and unattended 2015 Ford Transit Connect van, owned by Defendant Mistras, being driven and operated by Defendant Pila, during the course and scope of his employment with Defendant Mistras, rolled backwards and downhill from its position at or about the northbound shoulder of Highway 135 just north of the intersection of Highway 135 and County Road 742, striking the northern wall near the northeast corner of the kitchen area at the Almont Resort & Restaurant, 10209 CO-135, Almont, CO 81210, ultimately causing, *inter alia*, a fire producing serious bodily injury, including severe 2nd and 3rd degree burns to over 50% of Plaintiff's person, requiring extensive and ongoing medical care.

9. Specifically, Defendant Pila, was operating a 2015 Ford Transit Connect van owned by Defendant Mistras, during the course and scope of his employment with Defendant Mistras, and was responding to the Almont area to perform his job duties for Defendant Mistras, which included inspecting a section of natural gas lines and welds prior to natural gas line installation that was scheduled the following day.

10. Upon arriving at his destination, at or about the northbound shoulder of Highway 135 just north of the intersection of Highway 135 and County Road 742 in Almont, Gunnison County, Defendant Pila stopped the 2015 Ford Transit Connect van in the merge lane near the traffic cones lining the solid white fog line in the construction zone, where there exists an approximately 2% downgrade. Defendant Pila then carelessly, negligently, and recklessly exited the vehicle without ensuring the gear shift lever for the transmission was set to the parked position, applying the hand brake on the floorboard, or turning the vehicle's wheels towards the curb/road edge, and began to inspect nearby gas pipes and welds.

11. After Defendant Pila carelessly, negligently, and recklessly stopped and exited the aforementioned vehicle without setting the gear shift lever for the transmission to the park position, engaging the hand brake, or properly turning the vehicle wheels towards the curb/road edge, and after Defendant Pila began inspecting nearby gas pipes and welds, the weight of the van on an approximately 2% downgrade, which was present at the vehicle's position when Defendant Pila exited, caused the vehicle to begin rolling backwards and downhill from its position across the merge lane, the northbound 135 lane, the southbound 135 lane, and the driveway access to the gravel parking lot, ultimately striking the northern wall near the northeast corner of the kitchen of the Almont Resort and Restaurant, located at 10209 CO-135, Almont, CO 81210.

12. On impact, the 2015 Ford Transit Connect van partially collapsed the northern wall near the northeast corner of the kitchen of the Almont Resort and Restaurant by approximately 18 to 24 inches, displacing the aforementioned northern wall of the northeast corner of the kitchen, shifting oil/grease fryers inside the kitchen of the Almont

Resort and Restaurant, causing them to spill large amounts of heated cooking oil onto Plaintiff and another co-worker, as well as causing the heated oil and grease to come into contact with flames from a nearby char-broiler/stove, ultimately igniting and setting Plaintiff and another coworker on fire, resulting in serious bodily injury, including severe 2nd and 3rd degree burns to over 50% of Plaintiff's person, requiring emergent "flight for life" transportation at the scene, as well as extensive and ongoing medical care, for which he remains presently hospitalized.

13. The sole cause of the subject motor vehicle collision of June 22nd, 2018 was the careless, negligent, and reckless conduct of Defendant Pila, who failed to exercise reasonable care in avoiding harm to others by virtue of his actions in derogation of applicable motor vehicle statutes, including, but not limited to the Careless Driving Statute, the Reckless Driving Statute, and the Unattended Motor Vehicle Statute. At all times relevant to the motor vehicle collision of June 22nd, 2018, Plaintiff acted reasonably under the circumstances, was not comparatively at fault, mitigated his damages, and did not suffer from any pre-existing physical and/or emotional conditions, which in any way contributed to his injuries, damages, or losses.

14. As a direct and proximate result of Defendant Pila's negligence giving rise to this action, Plaintiff suffered severe life-threatening physical injuries, including but not limited to 2nd and 3rd degree burns to over 50% of his person, requiring extensive and ongoing medical treatment, including emergent "flight for life" services, continuing in-patient hospitalization, resulting in significant past, present, and future reasonable and necessary medical expenses, as well as costs of transportation to and from medical providers, and other out of pocket expenses.

15. As a direct and proximate result of Defendant Pila's negligence giving rise to this action, Plaintiff has sustained significant pain and suffering, emotional distress, mental anguish, permanent physical impairment, disfigurement, disability, loss of value of his time, loss of enjoyment of his life, and will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life, in addition to other non-economic damages.

16. As a direct and proximate result of Defendant Pila's negligence giving rise to this action, Plaintiff has also sustained, and will sustain in the future, loss of earnings and loss of earning capacity, and other economic damages, costs, losses, and expenses.

17. Accordingly, Plaintiff seeks recovery of special, general, and physical impairment damages from Defendant Pila and Defendant Mistras for any and all injuries, damages, losses, costs, and other expenses sustained by Plaintiff as a result of Defendant Pila's negligence.

## FIRST CLAIM FOR RELIEF
**(Negligence *against* Jose Pila)**

18. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint and Jury Demand* and incorporates the same herein by reference as though set forth in full.

19. On June 22nd, 2018, at or about 12:20 p.m., in the City of Almont, County of Gunnison, State of Colorado, Defendant Pila, during the course and scope of his employment with Defendant Mistras, improperly stopped and left unattended a 2015 Ford Transit Connect van, owned by Defendant Mistras, on an approximate 2% downgrade

position on Highway 135 just north of the intersection of Highway 135 and County Road 742, without setting the gear shift lever for the transmission to the park position, engaging the hand brake, or properly turning the vehicle wheels towards the curb/road edge, causing the vehicle to roll backwards and downhill from its position, ultimately striking and displacing the northern wall near the northeast corner of the kitchen area at the Almont Resort & Restaurant, 10209 CO-135, Almont, CO 81210, producing serious bodily injury to Plaintiff, including severe 2nd and 3rd degree burns to over 50% of Plaintiff's person, requiring emergent, extensive, and ongoing medical care.

20. Defendant Pila owed Plaintiff a duty to exercise reasonable care in the operation of a motor vehicle.

21. Defendant Pila breached his duty to exercise reasonable care in the operation of a motor vehicle by negligently and carelessly operating the aforementioned vehicle in the following respects:

    a. Driving carelessly;

    b. Driving negligently;

    c. Improperly stopping;

    d. Improperly leaving a vehicle unattended;

    e. Failing to set an unattended vehicle's transmission to the park position;

    f. Failing to apply a hand brake to an unattended vehicle positioned on a downgrade;

    g. Failing to turn an unattended vehicle's wheels towards the curb/road edge on a downgrade position;

    h. Failing to operate the stated vehicle in such a way so as to avoid colliding with other property or persons; and

    i. Generally operating the stated vehicle in a negligent and careless manner.

22. As a direct and proximate result of the negligence of Defendant Pila, as described above, Plaintiff has incurred past and future economic losses, which include but are not limited to the loss of earnings, impairment of earning capacity, loss of home services, and reasonable and necessary past, present, and future medical expenses including, but not limited to emergency care, physician treatment, hospitalization, severe burn treatment and therapy, surgical intervention, prescription medications, and other costs/expenses.

23. As the direct and proximate result of the negligence of Defendant Pila, as described above, Plaintiff has suffered permanent physical impairment and/or disfigurement, including second and third-degree burns suffered over 50% of his body, as well as past, present, and future pain and suffering, loss of the value of his time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

24. Accordingly, Plaintiff seeks both general and special damages from Defendant Pila as a foreseeable consequence of the injuries and damages suffered as a result of Defendant Pila's negligence on June 22nd, 2018, as well as any other costs,

losses, and expenses afforded under the law, or that this Court might deem just and proper.

## SECOND CLAIM FOR RELIEF
**(Negligence *per se against* Jose Pila)**

25. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint and Jury Demand* and incorporates the same herein by reference as though set forth in full.

26. Defendant Pila's conduct during the above described collision was in violation of C.R.S. § 42-4-1402, the Careless Driving Statute, C.R.S. § 42-4-1401, the Reckless Driving Statute, and C.R.S. § 42-4-1206, the Unattended Motor Vehicle Statute, as well as other statutes pertaining to traffic regulation or safety. These violations amount to negligence per se.

27. Plaintiff suffered the type of harm designed to be protected by the aforementioned and applicable Colorado Revised Statutes and Plaintiff is within the class of persons designed to be protected by the aforementioned and applicable Colorado Revised Statutes.

28. Defendant Pila's conduct was in derogation of applicable Colorado Statutes and, therefore, constitutes negligence per se.

29. As a direct, foreseeable and proximate result of the negligence per se of Defendant Pila, as described above, Plaintiff incurred past and future economic losses which include but are not limited to loss of earnings, impairment of earning capacity, loss of home services, and reasonable and necessary past, present, and future medical expenses including, but not limited to, emergent "flight for life" services, emergency care,

physician treatment, hospitalization, severe burn treatment and therapy, surgical intervention, prescription medications, and other costs/expenses.

30. As the direct, foreseeable and proximate result of the negligence per se of Defendant Pila, as described above, Plaintiff suffered permanent physical impairment and/or disfigurement, including second and third-degree burns suffered over 50% of his body, as well as past, present, and future pain and suffering, loss of the value of his time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social, recreational, and employment activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

31. Accordingly, Plaintiff seeks both general and special damages from Defendant Pila as a reasonably foreseeable consequence of the injuries and damages suffered as a result of Defendant Pila's negligence per se on the occasion in question, as well as any other costs, losses, and expenses afforded under the law, or that this Court might deem just and proper.

### THIRD CLAIM FOR RELIEF
**(Respondeat Superior *against* Defendant Mistras Group, Inc.)**

32. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint and Jury Demand* and incorporates the same herein by reference as though set forth in full.

33. Plaintiff is informed and believes that at all times pertinent to this action Defendant Pila was employed by and acting within the course and scope of his employment, contract, or some other agency relationship with Defendant Mistras, under

the control and supervision of Defendant Mistras, and performing services for Defendant Mistras for the benefit of Defendant Mistras. Pursuant to the doctrine of *Respondeat Superior*, Defendant Mistras is legally and vicariously liable as Defendant Pila's employer, for the injuries, damages, losses, and other expenses sustained by Plaintiff as a result of Defendant Pila's negligence.

34. As a direct, foreseeable, and proximate result of the negligence and negligence per se imputed to Defendant Mistras, as described above, Plaintiff incurred past and future economic losses which include but are not limited to loss of earnings, impairment of earning capacity, loss of home services, and reasonable and necessary past and future medical expenses including, but not limited to emergent "flight for life" services, emergency care, physician treatment, hospitalization, surgical intervention, severe burn therapy and treatment, prescription medications, and other expenses.

35. As the direct and proximate result of the negligence and negligence per se imputed to Defendant Mistras as described above, Plaintiff suffered permanent physical impairment and/or disfigurement, including second and third-degree burns suffered over 50% of his body, as well as past, present, and future pain and suffering, loss of the value of his time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

36. Accordingly, Plaintiff seeks both general and special damages from both Defendants, including Defendant Mistras, as a foreseeable consequence of the injuries and damages suffered as a result of Defendants' negligence and negligence per se on

the occasion in question consistent with the negligent conduct described above and imputed to Defendant Mistras, as well as any other costs, losses, and expenses afforded under the law, or that this Court might deem just and proper.

**WHEREFORE**, Plaintiff requests that judgment be entered in favor of the Plaintiff and against the Defendants in an amount to fairly compensate the Plaintiff for the injuries (as set forth above), costs, court costs, expert witness fees, statutory interest accrued from the date of the subject accident or as otherwise permitted under Colorado law and for such relief as the Court deems proper. Plaintiff prays for the following relief:

(a) For an amount which will reasonably compensate Plaintiff for past, present and future economic loss;

(b) For an amount which will reasonably compensate Plaintiff for medical expenses, past and future;

(c) For an amount which will reasonably compensate Plaintiff for permanent limitation, injuries, impairment and/or disfigurement, limitations and or disabilities of the body and/or mind;

(d) For any amount which will reasonably compensate Plaintiff for pain and suffering, past and future;

(e) For an amount which will reasonably compensate Plaintiff for loss of enjoyment of life and/or the capacity of life;

(f) For all pre- and post-judgment interest as permitted by law;

(g) For costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just and meet in the premises.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated this 23rd day of July 2018.

    Respectfully submitted,

    **JORDAN LAW**

    *s/ Michael S. Douglass-Harris*
    Jason W. Jordan, #37263
    Michael S. Douglass-Harris, #43916
    5445 DTC Parkway, Suite 1000
    Greenwood Village, CO 80111
    Phone: (303) 766-8153
    Fax: (303) 766-5568
    Email: jason@jordanlaw.com
           michael@jordanlaw.com

    ***Attorneys for Plaintiff***